09-4546-ag
Kacupaj v. Holder

BIA
Straus, IJ
A077 721 820
A095 476 782
A095 476 783

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

ARDIAN KACUPAJ, AFERDITA KACUPAJ,
a.k.a. ALFADIDA KACUPAJ, EUGERT
KACUPAJ a.k.a. UBER KACUPAJ,
    *Petitioners,*

v.                                          09-4546-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONERS:        Saul C. Brown, New York, New York

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Shelley R. Goad, Assistant
                        Director; Russel J.E. Verby, Senior
                        Litigation Counsel, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of Albania, seek review of an October 7, 2009, order of the BIA, affirming the July 25, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which denied their application for asylum and withholding of removal. *In re Kacupaj*, Nos. A077 721 820, A095 476 782/783 (B.I.A. Oct. 7, 2009), *aff'g* Nos. Nos. A077 721 820, A095 476 782/783 (Immig. Ct. Hartford July 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.[1]

As an initial matter, we review the denial of relief in "asylum-only" proceedings under 8 U.S.C. § 1252(a)(1), because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006). Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

We find no error in the agency's determination that, although he experienced past persecution, Kacupaj no longer has a well-founded fear of persecution in Albania due to changed country conditions. 8 C.F.R. § 1208.13(b)(1). The agency supported its finding of a fundamental change in circumstances in Albania, stating that the Democratic Party had returned to power in 2005, a fact we have noted as well, *see Latifi v. Gonzales*, 430 F.3d 103, 106 n.1 (2d Cir. 2005). The agency also reasonably relied on Department of State reports, noting that according to the U.S. Department of State's Country Report on Human Rights Practices in Albania for 2007, the Albanian government "generally

---

[1] Because Ardian Kacupaj was the lead applicant, we refer to him as "Kacupaj."

respected the human rights of its citizens." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (holding that the agency did not err in its reliance on State Department reports because they are "usually the best source of information on country conditions") (internal citations omitted). The IJ also considered the testimony of Petitioners' expert, Dr. Bernd J. Fischer, acknowledging that there was ongoing political turmoil in Albania, but noting Dr. Fischer's testimony that Shkoder, the area of Albania in which Kacupaj lived, was a stronghold of the Democratic Party. Moreover, Dr. Fischer testified that violence in Albania decreased since 2000, when Kacupaj suffered persecution for his activities on behalf of the Democratic Party. Accordingly, the agency did not err in finding that a fundamental change in circumstances in Albania rebutted Kacupaj's presumption of a well-founded fear of persecution. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006); *Niang v. Mukasey*, 511 F.3d 138, 149 (2d Cir. 2007). Likewise, the agency did not err in denying withholding of removal, insofar as that claim was based on the same alleged facts as Petitioners' asylum claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Absent a well-founded fear of future persecution, the agency may grant humanitarian asylum based on the severity of past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A). Here, we find no abuse of discretion in the agency's conclusion that Kacupaj did not endure the type of atrocious persecution for which humanitarian asylum is reserved. *See Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) (stating that humanitarian asylum is reserved for "certain rare cases").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk